```
                                                    FILED
                                                 July 23, 2010
                                           CLERK, U.S. BANKRUPTCY COURT
                                           EASTERN DISTRICT OF CALIFORNIA

                                                   0002799818
```

**3**

Stephen C. Ferlmann (SBN: 214881)
Chapter 7 Trustee
P.O. BOX 579375
1127 12th Street, Ste 202
MODESTO, CA 95357-9375
Tel: (209) 236-1311
Fax: (209) 236-1811

TRUSTEE

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### (Sacramento Division)

In Re:

Nimfa Galvan Fernandez

2121 Evening Street
Stockton, CA 95209

ssn:xxx-xx-0211

Debtor.

Case No: 09-42992-C-7

Chapter 7 Case

DC No, SCF -1

Date: August 24, 2010
Time: 9:30 a.m
Place: Courtroom No. 35, 6th Floor
Sacramento, CA

**MOTION FOR AUTHORITY TO SELL NON-EXEMPT EQUITY**

**IN PERSONAL PROPERTY TO DEBTOR**

TO:    The Honorable Christopher M. Klein, U.S Bankruptcy Judge:

The Chapter 7 Trustee, Stephen C. Ferlmann (the "Trustee") pursuant to 11 U.S.C §363(b) and Federal Rule of Bankruptcy Procedure 6004, respectfully moves the Court to sell to the Debtor the non-exempt equity in certain personal property in exchange for a payment of $4,000.00, and in support respectfully represents:

1.   This Court has jurisdiction of this matter under 28 U.S.C § 1334 and 157(a).

2.   On October 23, 2009 the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, in the above entitled court; Stephen C. Ferlmann is the duly appointed Trustee in the case.

3. The Debtor submitted schedules disclosing an interest in a 2004 Honda Civic (Debtor valued at $10,000); 1992 BMW 325I (Debtor valued at $1,000); and 2001 Toyota Landcruiser (Debtor valued at $15,000) (cumulatively referred to as the "Property"). The total value of the Property according to Debtor is $26,000.00.

4. The Trustee is informed and believes that the Property is unencumbered and that the Debtor has possession of the titles thereto. The Debtor's bankruptcy Schedule D reflects no lien or security interest claimed by any secured creditor in the Property.

5. The Debtor has failed to claim the Property as exempt (having failed to indicate which schedule of exemptions Debtor intended to utilize, 11 U.S.C. § 522(b)(2) or (3), let alone the specific exemption provision).

6. Based upon an NADA value of comparable vehicles, the Trustee believes the Debtor undervalued the Property by a $4,000.00 and that equity exists even if the Debtor utilized her entire "wild card exemption" and "automobile exemption" to exempt the Property.

7. Debtor wishes to retain the Property and desires to purchase the equity in the Property from the bankruptcy estate. The Trustee seeks to maximize the recovery of assets for the bankruptcy estate by avoiding the costs and risks associated with selling the Property on the open market.

8. Accordingly, the Trustee and the Debtor has entered into an Equity Sale Agreement (the "Agreement") which provides that the Debtor shall pay the bankruptcy estate the total cash sum of $4,000.00 (the "Purchase Amount") via three monthly installments for the equity in the Property. A copy of the Equity Sale Agreement is attached to the List of Exhibits filed concurrently herewith. The Agreement further provides that the Purchase Amount shall be non-exempt property of the Debtor's bankruptcy estate. Upon payment of the entire Purchase Amount, the Debtor shall be entitled to retain the Property and the Property shall cease being property of the bankruptcy estate.

9. 11 U.S.C. § 363(b)(1) authorizes a trustee, after notice and hearing, to sell property of the estate other than in the ordinary course of business.

10. The Trustee believes that the sale of the non-exempt equity in the Property to the Debtor is in the best interests of the estate and should be approved by the Court. The proposed equity sale is an equitable and expeditious manner of liquidating the Property by which the bankruptcy estate will eliminate risks, costs, and delays of liquidating such assets by way of public auction.

WHEREFORE, Trustee respectfully requests that the Court approve the Motion, and authorize the Trustee to enter into the proposed Equity Sale Agreement for th sale of the non-exempt equity in the Property to the Debtor.

Dated: July 20, 2010

Stephen C. Ferlmann
Chapter 7 Bankruptcy Trustee